UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDIE MCNEIL, et al., | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14-cv-00886 (APM) |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Plaintiff Judie McNeil and her son, J.M., now an adult and co-plaintiff, seek to collect $198,653.43 in attorneys' fees and other costs associated with a successful action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, against Defendant District of Columbia.[1]  Defendant does not contest Plaintiffs' status as a prevailing party under the IDEA, but does assert that the proposed hourly rates for Plaintiffs' counsel are not supported by adequate evidence and therefore are unreasonable.  Moreover, Defendant asserts that attorneys' fees incurred before May 2013 are too attenuated to be compensated and that Plaintiffs cannot recover costs expended for experts.  Defendant asks the court to award no more than $110,311.54.

---

[1] The court arrived at this figure by adding together Plaintiffs initial request, Pl.'s Mot. for Fees & Costs, ECF No. 30, at 1, and Plaintiffs request for costs and fees documented in their reply brief, Pl.'s Reply Regarding Fees & Costs, ECF No. 33, at 26.

After considering the parties' submissions and the relevant law, the court grants in part and denies in part Plaintiffs' Motion for Attorney Fees.[2] The court awards attorneys' fees and costs to Plaintiffs calculated at an hourly rate of 75% of the United States Attorney's Office Matrix, in the total amount of $140,238.97.

## II. BACKGROUND

The court described the factual and procedural background of this case in its previous opinion, which resolved the parties' cross-motions for summary judgment and remanded for further administrative proceedings. *See generally McNeil v. District of Columbia*, 217 F. Supp. 3d 107 (D.D.C. 2016). Thus, the court need not repeat those details here. On remand, the Hearing Officer made several additional factual findings and determinations in Plaintiffs' favor and held that J.M. was entitled to compensatory education. Pl.'s Mot. for Fees & Costs, ECF No. 30 [hereinafter Pl.'s Mot.], at 3; Def.'s Mem. in Opp'n to Pl.'s Mot. for Fees & Costs, ECF No. 31 [hereinafter Def.'s Opp'n], at 3; *see also* Pl.'s Mot., Ex. 1, ECF No. 30-1, at 10–11. Thus, Plaintiffs succeeded in securing the relief they sought for J.M. *See generally* Compl., ECF No. 1, at 3.

## III. LEGAL STANDARD

The IDEA provides "a fee-shifting provision entitling a prevailing party . . . to reasonable attorneys' fees." *Price v. District of Columbia*, 792 F.3d 112, 113 (D.C. Cir. 2015) (internal quotation marks omitted). A "court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). An IDEA fee award "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id.*

---

[2] On September 26, 2018, Plaintiffs sought to file a supplemental memorandum and evidence in support of their fees petition. *See* Pls.' Mot. for Leave to File Supp. Mem. in Support of Pls.' Motion for Fees and Costs. For the reasons set forth in the accompanying Order, the court denies that motion and has not considered Plaintiffs' supplemental filing.

§ 1415(i)(3)(C). If the court finds, however, "that 'the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience,' it 'shall reduce . . . the amount of the attorneys' fees awarded.'" *Eley v. District of Columbia*, 793 F.3d 97, 99 (D.C. Cir. 2015) (alteration in original) (emphasis omitted) (quoting 20 U.S.C. § 1415(i)(3)(F)(ii)).

Because the IDEA "provides no further guidance for determining an appropriate fee award," *id.* at 100, the D.C. Circuit applies a "two-part framework" to determine whether an award of attorneys' fees is "reasonable" under the statute's fee-shifting provision, *see Reed v. District of Columbia*, 843 F.3d 517, 520 (D.C. Cir. 2016). This framework takes into account "(1) the 'number of hours reasonably expended in litigation'; and (2) the 'reasonable hourly rate' for the services provided." *Reed*, 843 F.3d at 520 (quoting *Eley*, 793 F.3d at 100).

The burden of establishing entitlement to a fee award under the IDEA rests with the fee applicant. *See id.* The applicant must establish that she qualifies as a prevailing party, document the appropriate hours spent by counsel, and justify the reasonableness of the rate requested. *See id.* at 520–21; *cf. Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995) (explaining burden-shifting in the context of a fees petition under 42 U.S.C. § 1988). Once the applicant has shown that the claimed rate and hours are reasonable, the resulting sum is presumed to be a reasonable fee. *See Covington*, 57 F.3d at 1109. At that point, the defendant can challenge the request for attorneys' fees, but it must do so with "specific contrary evidence tending to show that a lower rate would be appropriate." *Flood v. District of Columbia*, 172 F. Supp. 3d 197, 203 (D.D.C. 2016) (quoting *Covington*, 57 F.3d at 1109–10).

The IDEA also allows "[p]arties who prevail at the administrative level [to] recover fees-on-fees . . . for time reasonably devoted to obtaining attorney's fees." *McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 153 (D.D.C. 2017) (alterations in original) (quoting *Kaseman v. District of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006)); *see also Jones v. District of Columbia*, 153 F. Supp. 3d 114, 118 (D.D.C. 2015) ("The availability of reasonable attorneys' fees applies to fees incurred in IDEA litigation both before administrative agencies and in federal court, as well as to fees incurred to vindicate a plaintiff's right to fees."). In a previous decision, this court outlined the relevant legal standards governing motions for attorneys' fees brought pursuant to the IDEA's fee-shifting provision, *see James v. District of Columbia*, 302 F. Supp. 3d 213, 216–218 (D.D.C. 2018), and the court adopts and applies those standards here.

## IV. DISCUSSION

### A. Reasonableness of Rates

Plaintiffs seek an award of fees for the services of two lawyers: Douglas Tyrka and Alana Hecht. *See* Pl.'s Mot., Ex. 2, ECF No. 30-2 [hereinafter Billing Itemization]; Pl.'s Mot., Ex. 3, ECF No. 30-3 [hereinafter Hecht Decl.]; Pl.'s Mot., Ex. 4, ECF No. 30-4 [hereinafter Tyrka Decl.]. Hecht is a solo practitioner and represented Plaintiffs in the administrative proceedings underlying this case. Hecht Decl. ¶ 2. Tyrka is the sole owner of the law firm Tyrka & Associates, LLC, and functions primarily as a solo practitioner. Tyrka Decl. ¶¶ 2, 42. From his billing records, it appears that Tyrka represented Plaintiffs only in the federal court litigation. *See* Billing Itemization at 37–39. Plaintiffs seek an hourly rate of $483 for Hecht and $536 for Tyrka. *See* Billing Itemization. These rates align with the rates for lawyers of comparable years of experience as reflected in the United States Attorney's Office ("USAO") Attorney's Fees Matrix for 2017–2018 ("the USAO Matrix"). *See* Pl.'s Mot., Ex. 12, ECF No. 30-12 [hereinafter USAO Matrix]; Def.'s Opp'n, Ex.

6, ECF No. 31-6, at 3. The USAO Matrix is a schedule of hourly billing rates for attorneys and paralegals/law clerks maintained by the Civil Division of the U.S. Attorney's Office for the District of Columbia. *See* USAO Matrix at 1 n.1. The rates in the USAO Matrix "were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index." *Id.* at 1 n.2. Defendant argues that Plaintiffs have provided "insufficient evidence that the hourly rate in the USAO Matrix is the 'prevailing market rate' for attorneys practicing IDEA law in the District." Def.'s Opp'n at 2.

This court has comprehensively discussed the question of the prevailing market rate in IDEA litigation in this jurisdiction in two prior decisions. *See generally James*, 302 F. Supp. 3d at 219–26; *Lee v. District of Columbia*, 298 F. Supp. 3d 4, 12–15 (D.D.C. 2018). Those cases address the exact same evidence and arguments offered in support of Plaintiffs' fees petition in this case. Plaintiffs here present the same affidavits, the same survey of rates charged by IDEA attorneys in the District of Columbia, the same USAO Matrix, and cite the same authorities—all in an effort to show that the USAO Matrix rates reflect the prevailing hourly rate for IDEA litigation. *Compare* Pl.'s Mot. at 6–12, *and* Pl.'s Mot., Exs. 4–16, ECF Nos. 30-4–30-16, *with James*, 302 F. Supp. 3d at 219–26. Additionally, the parties proffer the exact same evidence as the court considered in *James* on the related question of whether 75% of the USAO Matrix rate is sufficient to attract competent counsel in IDEA cases. *Compare* Pl.'s Mot. at 13–14, *with James*, 302 F. Supp. 3d at 222–26. This overlap is no coincidence. Plaintiffs' counsel here, Tyrka, represented the plaintiffs in *James*.

Between *James* and *Lee*, the court has addressed all arguments and evidence presented here with regard to the reasonable hourly rate for IDEA practitioners in this jurisdiction relative to the

5

USAO Matrix. The court need not repeat its findings in those cases here, but incorporates them by reference. For the reasons stated in *James* and *Lee*, and based on the same evidence presented in *James* as in this case, the court finds the reasonable hourly rate for IDEA litigation in the District of Columbia is equivalent to 75% of the applicable USAO Matrix.

## B. Current v. Historical Rates

The parties also disagree as to whether the rates awarded should reflect current or historical USAO Matrix rates. Plaintiffs contend that the court should apply current USAO Matrix rates to compensate for the delay in receiving their fee award. Pl.'s Mot. at 15. Defendant, on the other hand, maintains that the court should apply historical rates corresponding to years in which counsel performed the work. Def.'s Opp'n at 22–25. If the court were to adopt Defendant's approach, it would apply the USAO *Laffey* Matrix for years 2013–2014 and 2014–2015, and the USAO Matrix for the years 2015–2016, 2016–2017 and 2017–2018, each corresponding to the matrix year in which Tyrka and Hecht performed legal services.[3] *See* Def.'s Opp'n, Ex. 6, ECF No. 31-6.

The court thoroughly discussed this very issue in *James* and held that current rates "may be appropriate to account for delay in payment" in IDEA cases. 302 F. Supp. 3d at 226–28. Applying that principle here, the court finds that using the current USAO Matrix rates is appropriate.[4] Hecht was first retained in 2012, and Tyrka in 2014. *See* Billing Itemization. Six

---

[3] For a discussion of the difference between the USAO *Laffey* and USAO Matrices, see *James*, 302 F. Supp. 3d at 217 n.1.

[4] Although the court uses 75% of the current rates reflected in the USAO Matrix to calculate Plaintiffs' fee award, it uses the current rates that would have been applicable to each attorney based on his or her level of experience at the time. So, for example, although Hecht had roughly 12 years of experience in October 2017 when she billed her last hours, *see* Billing Itemization at 34; Hecht Decl. ¶¶ 9–10, the court will not use the applicable current USAO Matrix rate of $483 (75% of which is $362.25) for attorneys with 11–15 years of experience to the first hours she billed in 2012, when she only had only 7 years of experience, *see* Billing Itemization at 1; USAO Matrix. For that year, the court will apply the applicable current USAO Matrix rate of $352 (75% of which is $264) for attorneys with 6–7 years of experience. *See* USAO Matrix. Similarly, for the time period in which Hecht had 8–10 years of experience, the court will use the USAO Matrix rate of $410 (75% of which is $307.50) to calculate her fees. *See id*. This does not apply to Tyrka, who fell within the same experience group (16–20 years) throughout the litigation.

6

and four years, respectively, is a significant delay in receipt of payment. Accordingly, as it did in *James*, the court will use the current USAO Matrix rate to calculate Plaintiffs' fee award.[5]

### C. Rate for Fees-on-Fees

Defendant recognizes that IDEA litigants are entitled to receive compensation for the hours expended pursuing an initial fee award, *see Reed*, 843 F.3d at 526, but argues that the hourly rate for the time spent preparing Plaintiffs' fees petition (i.e., "fees-on-fees") should be awarded at 50% of the USAO Matrix rates. Def.'s Opp'n at 27–28. Once more, the court addressed this issue in *Lee*, and it rejected Defendant's position. *See Lee v. District of Columbia*, 303 F. Supp. 3d 57, 60–61 (D.D.C. 2018). Accordingly, for the reasons set forth in *Lee*, the court will apply the same prevailing market rate—75% of the current USAO Matrix rate—to calculate the award for Plaintiffs' fees petition.

### D. Whether Plaintiffs Obtained a More Favorable Judgment than Defendant's Final Offer

Though the court answered the first three contested issues in *James* and *Lee*, the remaining issues are unique to this case.

The first of these new issues concerns whether Plaintiffs may recover fees and costs incurred after rejecting Defendant's last settlement offer. Contending that Plaintiffs "unreasonably rejected an offer of judgment," Defendant insists that any award cannot include fees and costs incurred after March 29, 2017, the date on which Defendant extended its last settlement offer to Plaintiffs. Def.'s Opp'n at 8, 11–12.

---

[5] Plaintiffs also request that the court order Defendant to pay "an additional $1,500 for each delay of a month or part thereof in payment." Pl.'s Mot. at 16. This request, raised in passing in the conclusion section of their fees petition, and supported by only one case in which a court awarded post-judgment interest in advance of a possible *future* delay in payment, is not compelling here. The court therefore declines to grant it.

7

Defendant's position is premised on a fee-capping mechanism contained in the IDEA itself. Section 1415(i)(3)(D) provides that "[a]ttorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if . . . the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i)(III). The statute contains an exception to this rule. A parent "who is the prevailing party and who was substantially justified in rejecting the settlement offer" may still recover fees notwithstanding lesser recovery. *Id*. § 1415(i)(3)(E). Thus, when, as here, a plaintiff rejects an "offer of settlement," courts should consider two inquiries in deciding whether to cap fees. "First, the [court] must determine whether the relief awarded by the hearing officer was not more favorable to plaintiffs than [the District of Columbia Public Schools ('DCPS')'s] offer of settlement. If so, plaintiffs may not receive any award of fees or costs *unless* their rejection of the offer of settlement was substantially justified." *Daniel v. District of Columbia*, 174 F. Supp. 3d 532, 541 (D.D.C. 2016) (emphasis added).

In this case, the District made its final offer on March 29, 2017. It included $14,000 for vocational programing to be used on or before December 30, 2018; 50 hours of mentoring not to exceed a total cost of $3,250; 60 hours of tutoring not to exceed a total cost of $3,900; and up to $1,500 for tools, books, and/or equipment necessary to participate in the vocational program chosen. Def.'s Opp'n at 11–12. By contrast, the final judgment entered by the court, at least on its face, would appear to be less favorable than the final settlement offer. The court awarded Plaintiffs a slightly higher amount—$15,000—for a vocational program of J.M.'s choice and an additional $1,000 in related costs, with no expiration date. Pl.'s Reply Regarding Fees & Costs, ECF No. 33 [hereinafter Pl.'s Reply], at 21; *see also* Order, ECF No. 28. The final judgment,

however, lacked specific funding for mentoring and tutoring. According to Defendant, the absence of these additional dollars renders the relief obtained by Plaintiffs through the court's judgment less favorable than the terms of settlement offered by the District, thereby requiring Plaintiffs' fees to be capped. Def.'s Opp'n at 11–12. Not surprisingly, Plaintiffs dispute this characterization. *See* Pl.'s Reply at 21–22.

Ultimately, the court need not decide whether the court-ordered relief was more or less favorable than Defendant's settlement offer. That is because the court holds that Plaintiffs' rejection of the offer falls within the statute's exception for recovery of fees where rejection of an offer was substantially justified.[6]

Defendant's final offer did not include any compensation for attorneys' fees and costs. Def.'s Opp'n, Ex. 1, ECF No. 31-1. Although the offer, if accepted, still would have putatively allowed Plaintiffs "to apply for reasonable attorney's fees and costs," *id.*, it included no mechanism by which Plaintiffs could have gotten into court to make such an application. As Plaintiffs correctly point out, the Circuit has held that an IDEA plaintiff who obtains a result through settlement does not qualify as a "prevailing party" for purposes of the IDEA's fee-shifting provision. *See Alegria v. District of Columbia*, 391 F.3d 262, 264–69 (D.C. Cir. 2004) (excluding "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" from the definition of "prevailing party" under IDEA) (internal quotation marks and citation omitted). Thus, in reality, Defendant's offer included no compensation for any attorneys' fees and costs incurred in this case. This obvious absence

---

[6] For the same reason, the court need not address Plaintiffs' other argument that the IDEA's fee-capping mechanism does not apply in this case because Defendant only made an offer of settlement, and not an offer of judgment. *See* Pl.'s Reply at 19–21. The court assumes, without deciding, that the fee-capping mechanism applies to settlement offers that do not include the entry of a judgment.

9

substantially justified rejecting Defendant's settlement offer. As Judge Jackson wrote in *Daniel*: "Parents or guardians of children with special needs should not have to choose between a District offer of special education services for those children on the one hand, and continuing to pursue litigation so that their counsel who caused DCPS to make the offer in the first place may obtain some measure of reasonable compensation." *Daniel*, 174 F. Supp. 3d at 546. Because the District's offer of no compensation for attorneys' fees and costs "bore no rational relationship to the legal fees plaintiffs plainly had incurred at the time the offer was made, plaintiffs were substantially justified in rejecting it." *Id.* (internal quotation marks omitted).

### E. Remote Fees and Costs

Next, Defendant argues that fees and costs incurred before May 13, 2013, should be excluded from the fees award because those expenses relate to work performed with respect to an administrative complaint that Plaintiffs later withdrew. Def.'s Opp'n at 25–26. According to Defendant, Plaintiffs filed the administrative complaint upon which they secured relief on May 26, 2014, and therefore fees relating to the earlier, withdrawn complaint are not compensable. *Id*. at 2, 25–26. For their part, Plaintiffs assert that the expenses associated with the first administrative complaint are recoverable because the first complaint served as the basis for the second, successful action. Pl.'s Reply at 25–26.

The touchstone for whether a fee is compensable is whether it is reasonable and related to the successful action. *See Rooths v. District of Columbia*, 802 F. Supp. 2d 56, 63 (D.D.C. 2011) (denying reimbursement "for the simple reason that the work in question was obviously not related to the present case"); *Czarniewy v. District of Columbia*, No. 02-cv-1496, 2005 WL 692081, at *4 (D.D.C. 2005) (denying reimbursement for fees incurred so far ahead of a hearing "as to preclude a meaningful relationship with the hearing, absent some explanation from plaintiffs' counsel");

10

*Thompson v. District of Columbia*, No. 12-cv-103, 2013 WL 12106870, at *2 (D.D.C. 2013) (granting reimbursement for fees that were "reasonably incurred in preparation for IDEA due process hearings"). To be sure, "[a]s a general matter, fee requests relating to separate administrative actions cannot be bootstrapped to other, successful complaints." *Dicks v. District of Columbia*, 109 F. Supp. 3d 126, 133 (D.D.C. 2015). Thus, courts in this district have rejected attempts to receive compensation for earlier, separate claims. *E.g.*, *id.* (refusing to reimburse for work "drafting and filing a separate complaint and corresponding with DCPS about the resolution of this separate action"); *Rooths*, 802 F. Supp. 2d at 64 (declining to award fees where a "cursory examination of the questionable charges reveal[ed] that they relate[d] to a separate, failed administrative complaint").

But this case is different. Unlike in *Rooths* and *Dicks*, there is a reasonable connection between the work performed on the initial administrative complaint and the later successful one. As Hecht explains in her supplemental declaration, she "used that March 8, 2013 complaint as the basis for the final complaint . . . filed on November 14, 2013, which . . . underlies all of the administrative and federal litigation in this case." Pl.'s Reply, Ex. 21, ECF. No. 33-21, ¶ 6. The initial complaint was "withdrawn because of the student's detention." Pls.' Mot., Billing Itemization at 5. That explanation establishes a reasonable connection between the fees incurred and Plaintiffs' status as a prevailing party. The court therefore will award fees for work performed before May 13, 2018, at the rate of 75% of the USAO Matrix.

### F. Cost of Experts

Finally, the parties contest whether Plaintiffs can recoup the costs of work performed by Ida Holman, who Plaintiffs' attorney identifies as an expert. *See* Def.'s Opp'n at 26 (citing Billing Itemization at 35–36). Defendant contends that expert fees are not reimbursable under the IDEA,

citing *Arlington Central School District Board of Education v. Murphy ("Arlington")*, 548 U.S. 291 (2006). Def.'s Opp'n at 26; *see also Arlington*, 548 U.S. at 300 ("In sum, the terms of the IDEA overwhelmingly support the conclusion that prevailing parents may not recover the costs of experts or consultants."). Plaintiffs in their Reply have withdrawn their demand to be compensated for expert fees under the IDEA. Instead, Plaintiffs now assert that expert fees are recoverable under a District of Columbia statute, which "empowers the courts to award expert fees at reasonable rates up to $6,000 per case." Pl.'s Reply at 26 (citing D.C. Code § 38-2571.03(7)). The court rejects Plaintiffs' effort to recover these costs for two reasons.

First, Plaintiffs' reliance on the District of Columbia statute comes too late. Plaintiffs raise the statute for the first time in their reply brief, and for that reason alone the request to recover expert fees under District of Columbia law is denied. *See N.W. v. District of Columbia*, 253 F. Supp. 3d 5, 15 n.11 (D.D.C. 2017) ("It is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." (cleaned up)).

Second, even if the court were to consider the merits of this argument, the statute on its face does not apply to this matter. The statute makes expert fees recoverable only as to "actions and proceedings initiated *after* July 1, 2016." D.C. Code § 38-2571.03(7)(F) (emphasis added). Both the administrative proceedings and this action were initialed *before* that date. Furthermore, the statute provides that "[a]ny fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id.* § 38-2571.03(7)(B). Plaintiffs have not, however, provided any evidence about the prevailing rates for expert services of the kind provided by Ms. Holman in the District of Columbia. For these reasons, the court denies Plaintiffs' request for expert fees.

12

* * *

In summary, after considering the evidence submitted by the parties, the court rules as follows: (1) the fees award shall be calculated at 75% of the current USAO Matrix rates for 2017–2018; (2) the fees incurred in preparing the fees petition and reply likewise will be calculated at 75% of the current USAO Matrix rates; (3) Plaintiffs' fees will not be capped by virtue of rejecting Defendant's settlement offer; (4) Plaintiffs may recover for expenses incurred in preparing the initial, withdrawn administrative complaint; and (5) the cost of experts is not recoverable. The total fees and costs award breakdown is as follows:[7]

| | |
|---|---|
| Hecht: | $60,170.53 ($60,166.20 in fees and $4.33 in costs) |
| Tyrka: | $80,068.44 ($79,517.44 in fees and $551.00 in costs) |
| Total: | $140,238.97 |

## V. CONCLUSION AND ORDER

For the foregoing reasons, the court grants in part and denies in part Plaintiffs' Motion for Attorney's Fees, ECF No. 30, and awards $140,238.97 in attorneys' fees and costs under the IDEA.

Dated: September 28, 2018

Amit P. Mehta
United States District Judge

---

[7] The court arrived at the total fees amount by multiplying the hourly rates discussed above by the hours reflected in Plaintiffs' counsel's invoice, *see* Billing Itemization; Pl.'s Mot., Ex. 2, ECF No. 30-2. If Plaintiffs believe the court has erred in calculating the number of hours expended, the court welcomes a motion to modify the judgment. Plaintiffs shall file such motion no later than 14 days from this date.